UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

JOEL GOLDBERGER
on behalf of himself and
all other similarly situated consumers

                      Plaintiff,

      -against-

ALLTRAN FINANCIAL, LP

                      Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Joel Goldberger seeks redress for the illegal practices of Alltran Financial, LP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Joel Goldberger*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 15, 2022 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter claims that the Plaintiff owes a debt to U.S. Bank, National Association.

12. Within thirty days from receipt of the March 15, 2022 said letter, and certainly prior to the expiration date of April 24, 2022, the Plaintiff contacted the Defendant via telephone

13. One of the Defendant's representatives, probably not a collection representative, answered the call.

14. The Plaintiff stated that he wanted to dispute the debt.

15. Defendant's employee put the Plaintiff on hold.

16. The Defendant disconnected the telephone call after about five minutes.

17. For about five entire minutes, the Defendant imposed upon the Plaintiff that he had to wait for another employee to speak with him so he could dispute the debt.

18. The loss of productivity of five minutes is significant.

19. In actuality, because the Plaintiff simply waited on the line, he actually did not realize that the telephone call was disconnected until he was all hold for about fifteen minutes.

20. According to the Plaintiff's recollection, there was no music playing or ongoing recorded message during the fifteen minutes.

21. Therefore, it was reasonable to believe that the Plaintiff was still on hold.

22. Plaintiff's right to dispute the debt was frustrated.

23. Upon information and belief, Plaintiff's said experience is not an aberration from the norm.

24. Upon information and belief, due to staffing issues, the Defendant commonly puts debtors on hold to the point that either the telephone call gets disconnected, or the consumer is put on hold for so long and he or she hangs up because he/she does not wish to wait so long to speak with a collection representative.

25. Aside from the fact that the Plaintiff was damaged by losing fifteen minutes of his time during working hours, he was not able to dispute the debt, at a minimum to overcome the presumption of validity of the debt.

26. Defendant violated 15 U.S.C. § 1692e, 1692e(10) and 1692g engaging in deception and by frustrating the Plaintiff's right to dispute the debt within the initial thirty day period.

27. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

28. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

29. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

30. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

31. Defendant used materially false, deceptive, misleading representations and means in its

32. attempted collection of Plaintiff's alleged debt.

32. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

34. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

35. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

36. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-five (35) as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of Plaintiff and the members of a class.

38. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as

4

the letter sent to the Plaintiff on or about March 15, 2022; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts his rights were frustrated to dispute the debt via telephone in violation of 15 U.S.C. §§ 1692e, 1692e, 1692e(10) and 1692g.

39. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

40. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

43. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

      C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 4, 2022

        /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

        /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)